IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CURTIS L. MOORE | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | |
| | § | JURY DEMAND |
| BOWIE COUNTY TEXAS, | § | |
| JAMES PRINCE, BOWIE COUNTY | § | |
| SHERIFF; | § | |
| COMMUNITY EDUCATION CENTERS, | § | |
| INC., CIVIGENICS, INC., and | § | |
| CORRECTIONAL MEDICAL SERVICES, | § | |
| INC. | § | |

Defendants

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now the Plaintiff, Curtis L. Moore, by and through his attorney, Darren W. Anderson, filing this, his Original Complaint, against the Defendants, and alleges as follows:

## I.

## PRELIMINARY STATEMENT

The Bowie County Correctional Center[1] is operated pursuant to a contract between Bowie County, Defendant Sheriff Prince, and Defendant Civigenics, Inc.[2]  Medical care at the Correctional Center is provided pursuant to a contract between at least two of the Defendants, including Correctional Medical Services, Inc., ("CMS") a private concern with a notorious reputation and a long history of deliberate, conscious indifference to the constitutional rights of inmates not to be subjected to cruel and unusual punishment because of poor, sub-standard, or no, medical care.

---

[1]The Jail consists of several facilities at several different locations.  For the ease of the reader, the complex of correction facilities belonging to the County as referred to as either "Bowie County Jail" or the "Jail."

[2]The Community Education Centers, Inc., is the sole owner of "Civigenics."  For the convenience of the reader, these Defendants are referred to as "Civigenics"

1

Plaintiff, while confined in the Bowie County Correctional Center and in the custody of Defendant Prince, suffered an injury to his foot while working as a trustee in the cafeteria of the Correctional Center.  Because Defendant was denied much-needed medical care by Defendant CMS which acted with deliberate indifference, in conscious disregard, and with deliberate cruelty in not providing medical care, his leg ultimately had to be amputated.   Plaintiff brings this action pursuant to the Eight and Fourteenth Amendment to the United States Constitution to recover damages for cruel and unusual punishment he suffered while confined in the Bowie County Correctional Center. Plaintiff right to proceed thusly is pursuant to 42 U.S.C. §§ 1983, which provides redress for the deprivation under color of state law of any rights, privileges, and immunities secured by the Constitution and laws of the United States.

(1) Plaintiff seeks compensatory and punitive damages, together with reasonable attorneys' fees as authorized by 42 U.S.C. § 1988, against all Defendants, save as provided herein;

(2) Plaintiff seeks compensatory, exemplary, and punitive damages, separately, against each individual and corporate defendant; and

(3) Plaintiff does not seek punitive damages against Sheriff Prince or Bowie County.

**II.**

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over Plaintiffs' federal claims by virtue of 28 U.S.C. §1331 and § 1343.  Additionally, the Court has jurisdiction over Plaintiffs' federal claims against private parties Defendants, Civigenics, Inc., Correctional Medical Services, Inc., because Bowie County, and Defendant Sheriff Prince have contracted with those entities for the provision of governmental services, or have entered into or permitted sub-contracts to provide services.  Venue is proper in this Court because the Plaintiff and all of the Defendants either reside in this District and Division and/or are doing business in the District and Division and because all of the claims arose in this District and Division.  28 U.S.C. §1391.

### III.

**PARTIES**

2.      Plaintiff Curtis Moore is a resident of Texarkana, Bowie County, Texas.

3.      Defendant Bowie County, Texas, is a governmental subdivision organized and existing under the laws of the State of Texas, but it is neither an agent nor entity of the state under either federal or state law.  Bowie County, Texas, is responsible for the actions of its Sheriff's Department and contractors hired to perform governmental functions. It is Defendant Bowie County's constitutional and statutory duty to promulgate, implement, and supervise effective policies and procedures to see that all inmates in the County Correctional Center are provided with adequate medical care.  It is Defendant Bowie County's duty not to act with deliberate indifference to, and in conscious disregard, of the medical needs of inmates.  It is also Defendant Bowie County's duty not to deny medical care to inmates who have suffered injuries while in its custody or to have policies, customs, or practices which permit others to do so in its name.  On or about November 1, 2008,

3

Bowie County and Defendant Prince entered in to the current contract[3] for the operation of the Bowie County Correctional Center with Defendant Civigenics to operate the Correctional Center facility for payment on a sliding scale per inmate contingent upon how many contract inmates are housed at the facility.   The Contract also requires that Defendant Civigenics operate the Correctional Center pursuant to the laws of the United States, Texas, and any other statutes, codes, or precedent.

4.      On the same date that Bowie County entered into a contract with Defendant Civigenics for the operation of the Bowie County Correctional Center, Civigenics agreed to be responsible for providing basic "basic medical and health services."  Upon information and belief, Civigenics and Defendant Correctional Medical Services then entered into a separate contract for the purpose of providing health care for the inmates of the Correctional Center, which the County was nevertheless financially responsible. This contract also provides for payment based upon the inmate population with an adjustment in the event the inmate population exceeds five-hundred.   Also, upon information and belief, the payment set forth in the contract requires a payment of some $71,800.00 per month, with subsequent adjustments for increases in the Consumer Price Index.

---

[3]The parties previously signed a contract for the operation of the jail in October of 2001.

4

5.      It is further the duty of Bowie County to implement policies that assure the safety and health of inmates held in the Bowie County Correctional Center.  The County may not evade this duty by contracting its duties to others, such as Defendants Civigenics and CMS. Because Bowie County is charged with knowledge of Correctional Medical Services abhorrent reputation but has continued to permit that abysmal firm to provide health services at the Correctional Center for many years, it clearly a custom, policy, and practice of the County to act with conscious disregard and deliberate indifference to the health care needs of inmates by continuing to leave their medical care to the tender mercies of Correctional Medical Services.  Bowie County may be served by serving the County Judge, Dr. Sterling Lacey at 710 James Bowie Drive, New Boston, Texas, 75570.

6.      Defendant James Prince is an individual who is a citizen of the State of Texas and a resident of Bowie County, Texas.  At all times relevant to his liability in this suit, Defendant Prince is the duly-elected Sheriff of Bowie County.   Under the law of this Circuit and in this Court, he is the chief policy-maker for law enforcement in Bowie County, Texas.  He is responsible for screening, hiring, training, retention, supervision, discipline, counseling, and control of the employees and contractors of the Bowie County Sheriff's Department.  It is Defendant Prince's constitutional and statutory duty to promulgate, implement, and supervise real procedures to see that all inmates in the County Correctional Center are provided with adequate medical care.  It is Defendant Prince's duty not to act with deliberate indifference to and in conscious disregard of the serious medical needs of inmates.  It is also Defendant Prince's duty not to deny medical care to inmates who have suffered injuries while in its custody, or to permit others to do so.  It is further the duty of Defendant Prince implement policies that assure the safety and health of inmates held in the Bowie County Correctional Center.  Again, Defendant Prince may not evade this duty by contracting his duties to an infamous private, for-profit entity known far and wide for its callous, cruel disregard for the constitutional rights of inmates in its custody and for its calculated, deliberate, and conscious

5

disregard of the health care needs of inmates.  Because Defendant Prince is charged with knowledge of Correctional Medical Services abhorrent reputation but has continued to contract with that abysmal firm for many years, it clearly a custom, policy, and practice of the Defendant Prince to act with conscious disregard and deliberate indifference to the health care needs of inmates by continuing to leave their medical care to the tender mercies of Correctional Medical Services. At all times relevant to this suit, Defendant Prince was acting under color of law.  He is sued in his official and individual capacities.  Defendant Prince may be served with process at 100 North State Line, Texarkana, Texas 75501.

7.     Defendants Community Education Centers, Inc., ("CEC") is a Massachusetts corporation doing business in Texas by virtue of its ownership of Civigenics which has a contract to operate the Bowie County Correctional Center.  Upon information and belief, both of these corporations share offices, corporate officers, management, employees, policy manuals, informs, bank accounts, payroll and stationary.  It is Defendant Community Education Center's duty to provide, pursuant to its contract with Defendant Bowie County and under color of law, inmates with a safe and secure environment. CEC is liable for the actions of its employees under the law of *respondeat superior*. Defendant Community Education Center may be served with process through its agent for service in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

8.     Defendant Correctional Medical Services, Inc., ("CMS") is a Missouri corporation doing business in Texas by virtue of its contract to provide medical services to inmates located and held within the Bowie County Correctional Center. Defendant CMS, acting through its employees, has a duty to ensure that inmates are not deprived of medical care, treat inmates in accordance with minimal constitutional and statutory requirements, provide its employees with proper training and discipline so as to enable them to recognize and assist those inmates' health care needs. Defendant

CMS is liable for the actions of its employees under the law of *respondeat superior*.  Defendant CMS may be served with process through its agent for service in Texas, C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

9.      At all times relevant to this cause, all of the Defendants were acting under color of law.


## IV.

## FACTS

10.      While confined in the Bowie County Correctional Center in August 2009, Plaintiff, through no fault of his own, was injured while working at a trustee in the kitchen when food trays fell, striking his foot.  He was taken to the Correctional Center infirmary, and treated with an icepack and aspirin by employees of CMS.   (He did not see a doctor on this first visit.)

11.      Over the next <u>seven</u> months, the swelling in his foot spread to his leg, and he developed suppurating sores.  He repeatedly asked for medical attention by filling out Correctional Center "sick call" forms.  He was always told by the employees of CMS that he was 'on a list to see a Doctor.'  Apparently, at some point, even some correctional personnel complained about the lack of care he was receiving at the hands of the Defendants.  He was twice taken to a hospital emergency room for x-rays, but was returned to the Correctional Center.  He was held for approximately a week in a cell in the Correctional Center infirmary, with the same – and worsening – symptoms, but never visited by a Doctor.  Some of the employees of Defendant CMS, likely nurses, again repeatedly told him he was 'on the list to see the Doctor.'

12.      Finally, in February 2010, Plaintiff was seen by a Dr. Clayton Nash -- who was either employed by CMS or under contract. Dr. Nash allegedly informed the nurse that Plaintiff was in immediate need of an MRI.  When the Plaintiff was placed in the custody of the State some two weeks later, he had still not received an MRI.  Indeed, the Texas Department of Criminal Justice

7

placed him in the hospital of the University of Texas Medical Center in Galveston almost as soon as he arrived.  There, he learned that his condition was due to untreated nerve damage.  He spent much of the next several months in prison medical units.

13.     Upon his release, he continued treatment and he was hospitalized for his condition at least twice, however, his medical providers were not able to alleviate his condition, which included severe pain and suppurating sores, along with systemic infections from the open sores.  Finally, in February of 2011, his right leg was amputated below the knee.   At this time the Plaintiff lacks funds to purchase a prosthesis.


## V.

## CAUSES OF ACTION


14.     Plaintiffs hereby incorporate by reference 1-13 as if fully restated herein.

15.  The rights set forth under the 8th Amendment, specifically, the prohibition on cruel and unusual punishment was violated in this case because of the deliberate, conscious indifference of all of the Defendants to the medical needs of the Plaintiff.  This is in turn is a violation of 42 U.S.C. §1983.

16.  As a direct and proximate result of the unconstitutional and illegal actions, Plaintiff was grossly humiliated, shamed and embarrassed, endured great physical pain and mental anguish, severe permanent disfigurement, and was -- and still is -- nervous and distraught, all to Plaintiff's detriment.

17.     Defendants have no immunity – either absolute or qualified – for their actions, as they acted with deliberate indifference and conscious disregard, and objectively knew that the law required them to do otherwise.

18.     Defendants have no immunity from the law for their actions.

## DAMAGES

19.     Plaintiff hereby incorporates by reference paragraphs 1-18 as if fully restated herein.

20.     The acts and omissions of the Defendants proximately caused injuries to the Plaintiff in the past and which will continue in the future, including but not limited to medical expenses, physical injuries, pain and suffering, mental anguish and emotional distress, and injury to reputation, in violation of Plaintiff's  constitutional rights and 42 U.S.C. §§1983.

21.     As a direct and proximate result of the Defendants' violation of Plaintiff's federal constitutional rights, Plaintiff has suffered and continues to suffer substantial damages in the form of physical injuries, mental anguish, emotional distress, mental depression, all in an amount to be proved at trial but in an amount of not less than two million and no/one-hundred dollars ($2,000,000.00).

22.     The Defendants' actions were willful and done with conscious and deliberate indifference to the rights of the Plaintiff. They objectively knew their actions were illegal.  Plaintiff is entitled to recover punitive damages from all of the Defendants, whether in their official and individual capacities, save from Bowie County, Texas, in an amount to be determined by the jury.

23.     Given the magnitude of the emotional damages incurred, Plaintiffs expect to continue suffering damages in the future, all in an amount to be proved at trial.

24.     Plaintiffs are entitled to recover from the Defendants a reasonable attorney's fee as part of the costs of this action pursuant to 42 U.S.C. §1988.

## JURY TRIAL DEMAND

25.     Plaintiff hereby incorporates by reference paragraphs 1-25 as if fully restated herein.

26 .    Plaintiff hereby demands a jury trial on all issues and tenders the requisite jury fee.

## PRAYER

WHEREFORE, Plaintiffs pray for the following relief from the Defendants:

Judgment for actual damages and compensatory damages in an amount to be determined by the jury, but no less than Two Million and no One-Hundred Dollars  ($2,000,000.00);

b.      Judgment for punitive damages against Defendants, save for Bowie County, in an amount to be determined by the jury, but no less than Two Million and no one-hundred dollars ($2,000,000.00).

c.      Reasonable attorney's fees as authorized by 42 U.S.C. §1988;

d.      Costs associated with bringing this action;

e.      Interest, both pre- and post-judgment.

f.      Any other relief at law or in equity that this Court deems just and proper.

Respectfully submitted,

**Darren W. Anderson Law Firm, PLLC**

By: */s/Darren W. Anderson* _____
Darren W. Anderson
TBN: 00792331
FBN: 19886
2010 Moores Lane, Suite 101
Texarkana, Texas 75503
Telephone:  (903) 792-1229
Telecopier:  (903) 792-1329
dwa777@aol.com
**ATTORNEY FOR PLAINTIFF**